UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID MASHHADIALIREZA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MICHAEL HUDDLESTON, SR., and VONETTA VONETTE HUDDLESTON,<br><br>Defendants. | No. 2:21-cv-00914-TLN-DB<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court on Defendants Andre Huddleston, Sr., and Vonetta Huddleston's (collectively, "Defendants") Notice of Removal and Motion to Proceed *in Forma Pauperis*. (ECF Nos. 1–2.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction. Defendants' motion to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about January 4, 2021, Plaintiff Majid Mashhadialireza ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of certain real property located in Rancho Cordova, California. (ECF No. 1 at 6–8.) On May 20, 2021, Defendants filed a notice of removal, removing the unlawful detainer action from the Sacramento County Superior Court. (*Id.* at 1–5.) Concurrently with their notice of removal, Defendants filed a motion to proceed *in forma pauperis*. (ECF No. 2.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at

386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III. ANALYSIS

Defendants have removed the above-entitled action to this Court based on federal question jurisdiction. (*See* ECF No. 1 at 2.) Defendants argue a federal question exists under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, which preempts California law. (*Id.* at 2.) Defendants further argue their tenancy is protected by federal law, and the instant action is "purely a Federal one in ejectment." (*Id.* at 2–3.) However, this argument fails to establish federal question jurisdiction.

It is clear that the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 6–8 (citing Cal. Code Civ. Proc. § 1161).) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. (*See id.*) Defendants' argument that the PTFA preempted California law as to Plaintiff's claim against residential tenants of foreclosed landlords is best characterized as a federal defense or a potential counter-claim, neither of which is considered when determining federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392; *Vaden*, 556 U.S. at 49, 60–62; *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 14 (1983)) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") Moreover, other district courts facing similar situations have consistently held that a federal defense based on the assertion that the PTFA preempts state law cannot serve as a basis for removal jurisdiction.[1] Thus, Defendants cannot establish federal question jurisdiction.

In short, because the state court Complaint indicates that the only cause of action is one

---

[1] *See, e.g., Aurora Loan Servs., LLC v. Montoya*, No. 11-CV-2485, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, No. 10-CV-2108, 2010 WL 4809661, at *1–3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. 10-CV-8203, 2010 WL 4916578, at *2–3 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Servs., LLC v. Martinez*, No. 10-CV-1260, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010).

for unlawful detainer, which arises solely under state law, this action does not arise under federal law. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case *sua sponte* for lack of subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California for Sacramento County. Defendants' motion to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

DATED: June 1, 2021

Troy L. Nunley
United States District Judge